## T. B. WHITE v. THE STATE.

### COURT OF APPEALS, TYLER TERM, 1882.

*Assault with intent to Murder.—Intent.*—The court below charged the jury as follows: "If the act by which the killing or attempt to kill is done is unlawful and the result of design, and is such as would in its reasonable and probable consequence cause death, in such case, where there is nothing shown to mitigate excuse or justify he act, the killing or attempt to kill would be with malice and would constitute murder, or assault with intent to murder, whether the actual design was to take life or not." *Held Error.*—The actual design *to take life* is the gist of the offense.

Hal W. Greer, for appellant.

*1st Proposition.* The charge is upon the weight of evidence. It assumes that there was an attempt to kill and does not leave that matter to be passed upon by the jury, under proper instruction by the court. (Jobe v. State, 1 Ct. App., 183; Johnson v. State, 1 Ct. App., 609; Walker v. State, 7 Ct. App., 627; 41 Texas, 501.)

*2nd Proposition.* The actual design to take life is the gist of the offense, and in the absence of the intent to take life the defendant cannot be convicted of "assault with intent to murder." (Anderson v. State, 1 Ct. App., 730, and above authorities.)

*3rd Proposition.* The mere *attempt* to draw a weapon or do some act preparatory to committing an assault is not an "assault with intent to murder." (Young v. State, 7 Ct. App., 75; Johnson v. State, 43 Texas, 576 )

Appeal from the District Court of Navarro county.—Opinion by Hurt, J.—The appellant was convicted of an assault with intent to murder. The learned judge below, submitted to the jury the following charge: "If the act by which the killing, or attempt to kill, is done, is unlawful, and the result of design, and is such as would in its reasonable and probable consequence cause death, in such case where there is nothing shown to mitigate, excuse or justify the act, the killing or at'empt to kill, would be with malice, and constitute murder, or assault with intent to murder, whether the actual design was to take life or not." If to constitute the offense for which the defendant is convicted, it is necessary that the *intent to kill* should exist, the above

charge is not the law, and the judgment must be reversed. The question, therefore, presented is, must the party intend to kill? Art 500 of the code, provides, that, if any person shall assault another with intent to murder, he shall be punished, etc. Can a party assault another with *intent to murder*, without the intent to kill? Can murder be committed in the absence of the intent to kill? We answer yes! Does it follow from this concession, that an assault with intent to murder, can be made in the absence of the intent to kill. We think not. Murder is the unlawful killing of another with malice aforethought. How is it possible for a party to intend to murder, which is a killing prompted by malice, without intending to kill.

If a person intentionally inflicts serious bodily injury upon the person of another which may result in death, although the intent to kill may not exist, the law, if the act was prompted by malice and death ensues, holds him guilty of murder. Again, if one from a house top recklessly throws down a billet of wood, upon the side walk, where persons are constantly passing, and if it fall upon a person passing by and kill him, this would also be murder. Indeed there are a number of cases, where a killing would amount to murder, and yet the party did not intend to kill. But we can not conclude that it is a logical sequence, that because murder can be committed in the absence of the intent to kill, that therefore an assault to murder can be made without this intent. This precise question was before the Supreme Court of Alabama, in the case of Simpson v. the State. (59, Ala. 1.) And the Court there held a charge quite similar to the one under discussion, erroneous. In that case the court says: The intent can not be implied as a matter of law, it must be proved as a matter of fact, and its existence the jury must determine from all the facts and circumstances in evidence. It is true the aggravated offense with which the defendant is charged cannot exist, unless if death had resulted the completed offense would have been murder. From this it does not necessarily follow that every result from which if death ensued, the offense would be murder, is an assault with intent to murder within the purview of the statute, or that the

specific intent, the essential characteristic of the offense, exists. Therefore in Moore v. The State, (18 Ala. 533,) an affirmative instruction "that the same facts and circumstances which would make the offense murder, if death ensued, furnish sufficient evidence of the intention," was decided erroneous.   The court says: "There are a number of cases where a killing would amount to murder, and yet the party did not intend to kill.   As if one from a house top recklessly throws down a billet of wood upon the side walk where persons are constantly passing, and it fall upon a person passing by and kill him, this would be by the common law, murder, but if, instead of killing him, it inflicts a slight injury, that party could not be convicted of an assault with intent to murder."   Other illustrations may be drawn from our statutes. Murder in the first degree may be committed in an attempt to perpetrate arson, rape, robbery or burglary, and yet an assault committed in such an attempt is not an assault with intent to murder.   If the intent is to ravish or rob it is under the statute a distinct offense, from an assault to murder, though punished with the same severity.   And at common law if death results in the prosecution of a felonious intent from an act *malus in se*, the killing is murder.   As if A. shoots at the poultry of B. intending to shoot them, and by accident kills a human being, he is guilty of murder.   (1 Russ, Cr. 540,)   Yet if death did not ensue, if there was a mere battery, or a wounding, it is not under the statute an assault with intent to murder. The statute is directed against an act done with the particular intent specified.   The intent, in fact, is the intent to murder the person named in the indictment, and the doctrine of an intent in law different from the intent in fact, has no just application, and if the real intent shown by the evidence is not that charged, there can not be conviction for the offense that intent aggravates, and in contemplation of the statute merits punishment as a felony   (Ogletree v. State, Supra; Morgan v. State, Supra.)   As is said by Mr. Bishop, the reason is obvious, the charge against the defendant is that in consequence of a particular intent reaching beyond the act done, he has incurred a guilt beyond what is deducible merely from the

fact wrongfully" performed, and therefore, to extract the legal fiction from this act such further intent, and then add it back to the act to increase its severity is bad in law. ( 1 Bish Crim. Law, Sec. 736, 514 ; Washington v. State, 53 Ala. 27 ; State v. Neil, 37, Maine 468 ; Moore v. State, 18, Ala., 532.)

We do not, if we were competent, desire to add any further argument. We think that of the learned judge, in the case above, is exhaustive of the subject. The learned judge below, no doubt, relied upon the following provisions of our code : Whenever it appears upon a trial for assault with intent to murder, that the offense would have been murder had death resulted therefrom, the person committing such assault is deemed to have done the same with that intent. (Art. 502, P. C.)

But as observed by the court in the case cited, suppose the party should assault another with intent to rape, or rob, if death resulted, he would be guilty of murder in the first degree, but it does not follow, there being no death, that he would be guilty of an assault to murder. We know that he would not, but would be guilty of an assault to rob or rape, as the case may be. Our construction or article 502, is as follows : In order to constitute the offense of an assault with intent to murder, two things must concur ; 1st An assault—2nd A specific intent to kill. Without a simultaneous concurrence of these two constituent elements, there can be no assault with intent to murder. No other intent save the specific one to kill, will be sufficient. If the intent is to maim, rob, rape, or other than to kill, it will not be an as. ault with intent to murder. The intent may be to *kill* under circumstances which, if death ensued, it would not be murder. Such intent would not constitute the specific intent to murder, required in the offenses. The article of the code which we have quoted is applicable only where there exists the specific intent to kill. It is not applicable in any case, where such intent does not exist. It simply prescribes a test by which to determine whether there was an offense, and if so, what offense, but in thus affording a test, does not dispense with the very gist of the offense, that is, a specific intent to kill.

We are of the opinion that the charge complained of was erroneous, and that the judgment must be reversed. Judgment reversed and cause remanded.